NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIPE N. GOMEZ, personally, and as Former non-attorney Custodian for Arthur Gomez, <br><br>                Plaintiff-Appellant, <br><br>   v. <br><br> LARRY WEISENTHAL; CONNIE WEISENTHAL, as former Trustee and personally; RICK FENELLI, Atty No. 68879; FENELLI AND ASSOCIATES FENELLI LAW, <br><br>                Defendants-Appellees. | No. 22-55833 <br><br> D.C. No. 8:21-cv-02039-JLS-JDE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted September 12, 2023**

Before:     CANBY, CALLAHAN, and OWENS, Circuit Judges.

Felipe N. Gomez appeals pro se from the district court's judgment

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Gomez's request for oral argument, set forth in the opening brief, is denied.

dismissing his action alleging claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Gomez's claims against defendants Larry Weisenthal and Connie Weisenthal because Gomez failed to allege facts sufficient to establish constitutional standing for his state law claim or statutory standing for his RICO claim. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth requirements for constitutional standing, including an "injury in fact"); *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (explaining that to establish standing under § 1964(c), a civil RICO plaintiff must establish that the "alleged harm qualifies as injury to his business or property").

In his opening brief, Gomez fails to address the district court's dismissal of Gomez's claims against defendants Rick Fenelli and Fenelli & Associates/Fenelli Law and has therefore waived any challenge to the district court's dismissal of these claims. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are

waived).

The district court did not abuse its discretion in dismissing Gomez's complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

All pending motions are denied.

**AFFIRMED.**